# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF IOWA
### EASTERN DIVISION

| | |
|---|---|
| DAKOTA COUNTRY SWINE, LLP, | |
| Plaintiff, | No. 06-CV-2085-LRR |
| vs. | **ORDER** |
| HOG SLAT CONSTRUCTION, INC., | |
| Defendant. | |

_____

The matter before the court is Plaintiff Dakota Country Swine, LLP's Motion for Relief from Order Dismissing Counts 2-8 of Complaint) ("Third Motion to Reconsider") (docket no. 32). For the reasons stated in Defendant Hog Slat Construction, Inc.'s Resistance (docket no. 34), the Third Motion to Reconsider is **DENIED**. The court's March 13, 2007 Order is not a "final order" within the ambit of Federal Rule of Civil Procedure 60(b)(1), because Count 1 of Plaintiff's Complaint remains before the court. *See Aluminum Co. v. Beazer E., Inc.*, 124 F.3d 551, 557 (3d Cir. 1997) ("[T]here is no final order if claims remain unresolved and their resolution is to occur in the district court."). In any event, "counsel cannot obtain relief [pursuant to Rule 60(b)(1)] by pointing to his carelessness or negligence." *Hoffman v. Celebrezze*, 405 F.2d 833, 835 (8th Cir. 1969); *see also In re Athens/Alpha Gas Corp.*, No. 1:06-CV-054, 2007 WL 1169337, *1 (D.N.D. Apr. 18, 2007) (Hovland, J.) ("The cases in the Eighth Circuit are numerous and unequivocal that 'an attorney's ignorance or carelessness does not constitute excusable neglect.'" (Citations omitted.)). The Eighth Circuit Court of Appeals has repeatedly held that an attorney's careless or negligent failure to file a timely response to a dispositive motion is not grounds for Rule 60(b)(1) relief. *See, e.g., Ivy v. Kimbrough,* 115 F.3d 550, 552 (8th Cir. 1997); *see also United States v. 40 Acres of Land, More or Less, Located in Boone County, Ark.*, No. 99-4204, 2000 WL 872968, *1 (8th Cir. July

3, 2000) (unpublished per curiam decision) (same).

**IT IS SO ORDERED.**

**DATED** this 4th day of June, 2007.

LINDA R. READE
CHIEF JUDGE, U.S. DISTRICT COURT
NORTHERN DISTRICT OF IOWA

2